UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:16-CV-804-BR

| | |
|---|---|
| LINDA VIOLA ELDRIDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| WILLIAM WILLARD MASSENGILL, JR., | ) |
| | ) |
| Defendant, | ) |

This matter is before the court on the motion to dismiss of defendant William Willard Massengill, Jr. (DE # 10.) Plaintiff Linda Eldridge has filed a response in opposition to the motion. (DE # 12.) Defendant did not file a reply, and the time within which to do so has expired. This matter is ripe for disposition.

I. BACKGROUND

Plaintiff is an Aflac Insurance Agent in Johnston County, North Carolina. (Compl., Attach., DE # 3-2, at 1.) From February of 2015, until February of 2016, she was Benson Area Medical Center's ("BAMC") Aflac Supplemental Insurance Agent. (Id.; Compl., DE # 3, at 3.) Plaintiff "was never an employee" of BAMC, but was an "independent contractor." (Compl., DE # 3, at 3.) On or about 5 February 2016, defendant, as CEO of BAMC, declined "to make a 2016 Aflac Supplemental Insurance Contract" with plaintiff, and she was removed as BAMC's agent. (Id.; Compl., Attach., DE # 3-2, at 1.) On 23 September 2016, she filed a complaint *pro se* against defendant alleging that her removal was discriminatory on the basis of race and gender. (Id.) She further alleges that her removal was "[r]etaliation for telling a prominent

physician . . . that CEO Massengill's behavior towards [her] felt discriminatory." (Id. at 4.)

On 30 January 2017, defendant filed a motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant contends that as an independent contractor, plaintiff was not an employee of BAMC, and, therefore, she cannot hold defendant or BAMC liable under Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiff filed a response on 21 February 2017, responding that her complaint was filed pursuant to 42 U.S.C. § 1981, not Title VII.

## II. DISCUSSION

Defendant filed his motion to dismiss pursuant to Rule 12(b)(6).

> In a Rule 12(b)(6) context, the reviewing court must determine whether the complaint alleges sufficient facts "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." This directive ordinarily limits a court's review to the "well-pled facts in the complaint[, which it must view] in the light most favorable to the plaintiff." While no absolute bar exists, a motion to dismiss under Rule 12(b)(6) does not typically resolve the applicability of defenses to a well-pled claim.

Goldfarb v. Mayor & City Council of Baltimore, 791 F.3d 500, 508 (4th Cir. 2015) (citations omitted) (alteration in original). Additionally, a *pro se* complaint "is to be liberally construed, . . . and . . . must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

Defendant's motion to dismiss rests solely on the fact that plaintiff was not an employee, but an independent contractor, and as such, plaintiff cannot state a claim under Title VII. (Def.'s Mem. Dismiss, DE # 10-1, at 2.) Defendant is correct that "[a]n entity can be held liable in a Title VII action only if it is an 'employer' of the complainant." Butler v. Drive Auto. Indus. of Am., Inc., 793 F.3d 404, 408 (4th Cir. 2015). However, while plaintiff filed her *pro se* complaint using a standardized Title VII form, she indicated on the face of the complaint that her intention

2

was to file under 42 U.S.C. § 1981(b). (Compl., DE # 3, at 3; see also Pl.'s Resp., DE # 12, at 1 ("As an independent contractor, I filed my complaint under 42 U.S. Code Section 1981 from the Civil Rights Act of 1866, not Title VII.").) While the Fourth Circuit has not addressed the issue of whether or not an independent contractor may bring a § 1981 claim, its sister courts have held that "an independent contractor may bring a cause of action under section 1981 for discrimination occurring within the scope of the independent contractor relationship." Brown v. J. Kaz, Inc., 581 F.3d 175, 181 (3d Cir. 2009); see also Allstate Sweeping, LLC v. Black, 706 F.3d 1261, 1265 (10th Cir. 2013); Wortham v. Am. Family Ins. Grp., 385 F.3d 1139, 1141 (8th Cir. 2004); Danco, Inc. v. Wal-Mart Stores, Inc., 178 F.3d 8, 13-14 (1st Cir. 1999); Proa v. NRT Mid Atl., Inc., 618 F. Supp. 2d 447, 461 (D. Md. 2009). That plaintiff filed using the wrong form, while simultaneously indicating her intention, will not be enough to defeat her claims under § 1981.

The statute provides that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). "Make and enforce contracts" has been statutorily defined as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Section 1981 is specifically intended to "prohibit[] racial discrimination in the making and enforcement of private contracts." Runyon v. McCrary, 427 U.S. 160, 168 (1976) (citations omitted). It has additionally been interpreted to apply to "hostile environment claims and claims for retaliatory actions taken against a plaintiff who opposed such policies and practices." Proa, 618 F. Supp. 2d at 461 (citing CBOCS West, Inc. v. Humphries, 553 U.S. 442 (2008)).

Plaintiff, as an independent contractor, has sufficiently alleged that defendant has

discriminated and retaliated against her to state a claim under § 1981.

### III. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is DENIED.

This 31 May 2017.

_____
W. Earl Britt
Senior U.S. District Judge